

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-68,005-02

### EX PARTE COURTNEY TREMAYNE FRANKLIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 288 74 HC-1 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to theft of a firearm and was sentenced to seven months' state jail imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel ignored notarized witness statements provided by Applicant (and refused to return them to Applicant after he entered his plea), and erroneously advised Applicant that he was entering a "sign and release" plea to a Class A misdemeanor. Although Applicant did receive sufficient pre-sentencing jail time credit to discharge his seven-month sentence on the date of the plea, he was not released for thirteen days after

his plea. Applicant alleges that he was not advised by trial counsel that he was pleading to a state jail felony, rather than a Class A misdemeanor. Applicant alleges that this conviction is now being used to enhance punishment in a pending case. Applicant alleges that but for trial counsel's erroneous advice, he would not have pleaded guilty but would have insisted on going to trial on the charges.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with copies of the plea papers, including any written plea agreement, admonishments, waivers and stipulations, any evidence introduced in support of the plea, and any other relevant documents. The trial court shall then make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 19, 2022
Do not publish